**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jericha Mitchell | : | CIVIL ACTION |
| v. | : | |
| Borough of Sharon Hill, et. al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x)

| | | |
|---|---|---|
| November 5, 2009 | Brian J. Zeiger | Jericha Mitchell, Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.825.5183 | 215.279.8702 | zeiger@levinzeiger.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2235 North 19th Street, Philadelphia, PA 19132

Address of Defendant: 250 Sharon Avenue, Sharon Hill, PA 19079

Place of Accident, Incident or Transaction: Sharon Hill, PA

(*Use Reverse Side For Additional Space*)

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

---

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐ No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, Brian J. Zeiger, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** November 5 2009 Brian J. Zeiger — 87063

Attorney-at-Law — Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** November 5, 2009 Brian J. Zeiger — 87063

Attorney-at-Law — Attorney I.D.#

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Jericha Mitchell

**DEFENDANTS**
Borough of Sharon Hill; Richard Herron; Anthony Buckland

**(b)** County of Residence of First Listed Plaintiff Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Levin & Zeiger, LLP, 123 South Broad Street, Philadelphia, PA 19109, 215.825.5183

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 42 USC 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 1,500,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE 11/05/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERICHA MITCHELL**<br>2235 North 19th Street<br>Philadelphia, PA 19132<br><br>Plaintiff<br>V.<br><br>**BOROUGH OF SHARON HILL**<br>c/o Sharon Hill Borough Manager<br>Joseph J. Kelly, Jr.<br>250 Sharon Avenue<br>Sharon Hill, Pa 19079,<br><br>**RICHARD HERRON**<br>c/o Sharon Hill Police<br>1110 Spring Street<br>Sharon Hill, Pa 19079,<br><br>**ANTHONY BUCKLAND**<br>c/o Sharon Hill Police<br>1110 Spring Street<br>Sharon Hill, Pa 19079,<br><br>AND<br><br>**JOHN AND JANE DOE POLICE OFFICERS**<br>c/o Sharon Hill Police<br>1110 spring Street<br>Sharon Hill, Pa 19079,<br><br>Defendants | : | **CIVIL ACTION**<br>**NO:**<br>**TRIAL BY JURY DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff by and through her attorney Brian J. Zeiger, Esquire and Levin & Zeiger LLP hereby alleges the following:

## JURISDICTION

Jurisdiction is present over this claim brought pursuant to 42 U.S.C. §1983 pursuant to 28 U.S.C. §1343, and pursuant to 28 U.S.C. §1367.

## PARTIES

1. At all times relevant hereto the Plaintiff Jericha Mitchell is an adult individual who resides at the address in the caption.

2. At all times relevant hereto the Defendant Borough of Sharon Hill (hereafter "Borough"), is a municipal government agency organized under the laws of the Commonwealth of Pennsylvania and with a principal and central office of business located at 250 Sharon Avenue, Sharon Hill, PA 19079.

3. At all times relevant hereto, Defendant Richard Herron (hereinafter "Herron") and Defendant Anthony Buckland (hereinafter "Buckland") are believed to be adult male citizens and employees of the Borough of Sharon Hill, Sharon Hill Police Department with a principal and central office of business located at Police Headquarters, 1110 Spring Street, Sharon Hill, PA 19079.

4. At all times material hereto, the Defendant Borough acted through its agents, servants, workmen and/or employees, specifically the Borough of Sharon Hill's Police Department in the furtherance of its legislative mandate.

5. At all times material hereto, the police officers in question acted under color of law and within the course and scope of their employment, pursuant to their customs, policies, practices, ordinances, regulations, directives specifically for and of the Borough of Sharon Hill, Police Department in the furtherance of its legislative mandate.

## FACTUAL BACKGROUND

6. This is a civil action whereas Plaintiff was falsely arrested and during the course of her arrest, the arresting officers used excessive force, causing injury to Plaintiff. The civil rights of the Plaintiff were violated. She was deprived of her liberty. She was assaulted. She was falsely imprisoned.

7. On June 20, 2008, Plaintiff was at or near 225 Felton Avenue, Sharon Hill, PA 19079. Defendants Buckland and Herron went to that location in response to a call on police radio. Plaintiff was not the subject of that call, nor was she a party to an incident that occurred at the location. Plaintiff did not possess any weapon. Defendants Buckland and Herron asked Plaintiff for identification, which Plaintiff did not have. Defendants Buckland and Herron then placed Plaintiff into their police vehicle without handcuffing Plaintiff. Plaintiff asked Defendants Buckland and Herron for what she was being arrested and Defendants Buckland and Herron did not respond.

8. Defendants Buckland and Herron then transported Plaintiff to the Sharon Hill Police Station. Plaintiff was taken into the lobby and/or waiting area of the Sharon Hill Police Station. Plaintiff asked Defendants Buckland and Herron for what if anything she was being arrested, the Defendants Buckland and Herron did not respond. Plaintiff then asked if she was free to leave, and again Defendants Buckland and Herron did not respond.

9. Plaintiff then voluntarily left the Sharon Hill Police station of her own free will, through the front door. Plaintiff walked away from the police station unencumbered by handcuffs or the police. Several minutes later, Defendants Buckland and Herron appeared, tasered Plaintiff both separately and simultaneously, multiple times, until she was unconscious.

10. Plaintiff awoke in Mercy Fitzgerald Hospital. No member of the Sharon Hill Police Department was present in the hospital when Plaintiff awoke.

11. Plaintiff was never arrested or charged with any crime stemming from the original incident where Defendants Buckland and Herron appeared in response to a radio call and subsequently placed Plaintiff in the police car.

12. Approximately one month after the incident, Plaintiff was arrested for Escape, etc, for leaving the Sharon Hill police station.

13. As a result of the unlawful arrest, Plaintiff's bail was set unreasonably high, which caused Plaintiff to remain in custody for several days.

14. At the time of the incident, Plaintiff had a scholarship at Temple University. As a result of Plaintiff's arrest and incarceration, Temple stripped Plaintiff of the scholarship.

15. At no time did Plaintiff attempt to resist arrest or offer any physical resistance to the police.

16. At no time did Plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania for which an arrest may be lawfully made, nor was there probable cause for an arrest.

17. At no time did Plaintiff harass, threaten, resist arrest in any way, commit any illegal acts, or engage in any conduct which in any way justified the actions of the defendants.

18. The assaults against Plaintiff, her improper and unjustified arrest, transporting, humiliation and the improper search of Plaintiff, her wrongful imprisonment, and the excessive force and assaults against her were the result of Defendant Herron and Defendant Buckland's lack of knowledge of any legitimate cause or justification, and were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of the actions of the defendants, Plaintiff was arrested, detained, imprisoned, searched and subjected to excessive force, physical and verbal abuse, injuries and trauma without just or probable cause.

20. Defendants Herron and Buckland's conduct and use of excessive force was knowing, intentional, and/or malicious and was calculated to inflict injury to Plaintiff and was not intended to restrain Plaintiff or protect Plaintiff or others from harm.

21. Defendants Herron and Buckland conspired to inflict harm on Plaintiff and deprive her of her constitutional rights and her civil rights.

22. Defendants Herron and Buckland conspired to assault, falsely arrest, and falsely imprison Plaintiff.

23. Defendants Herron and Buckland were improperly trained by Defendant Borough of Sharon Hill and it's agents as to when it is appropriate to use a taser.

24. Defendants Herron and Buckland were improperly trained by Defendant Borough of Sharon Hill and it's agents as to how it is appropriate to use a taser.

25. Defendants Herron and Buckland were improperly trained by Defendant Borough of Sharon Hill and it's agents as to when it is appropriate to place a person under arrest.

26. Defendants Herron and Buckland were improperly trained by Defendant Borough of Sharon Hill and it's agents as to how it is appropriate to place a person under arrest.

27. Defendants Herron and Buckland were improperly trained by Defendant Borough of Sharon Hill and it's agents as to when it is appropriate to place a person in a police cruiser and/or transport the person in a police cruiser when the person is not under arrest.

28. Defendants Herron and Buckland were improperly trained by Defendant Borough of Sharon Hill and it's agents as to how it is appropriate to place a person in a police cruiser and/or transport the person in a police cruiser when the person is not under arrest.

29. Defendants Herron and Buckland were improperly trained by Defendant Borough of Sharon Hill and it's agents as to when a person is free to leave their presence if that same person is not under arrest.

30. The aforementioned acts and conduct of the Defendants and/or the aforementioned conduct their employees and agents were a factual cause of the harm and damages sustained by the Plaintiff. In the alternative, the aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents was the direct and proximate cause of the harm and damages sustained by the Plaintiff.

31. The aforementioned acts and conduct of the Defendants and the aforementioned conduct of their employees and agents were a factual cause and the direct and proximate cause of at least the following harm and damages sustained by Plaintiff JERICHA MITCHELL:

A. Injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche, some or all of which are permanent including:

- Permanent Neurological Disability
- Trauma and distress;
- Physical injuries to various parts of the body including the forehead;
- Flashbacks;
- Psychiatric injuries;
- Emotional injuries;
- Pain and suffering;
- Emotional distress;

- Mental anguish and distress;
- Humiliation and embarrassment; and
- Other injuries, the full extent of which is not yet known.

B. Loss or reduction of earnings and/or earning capacity and/or household services from the date of the injuries to the date of the trial of this case including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this occurrence.

C. Loss or reduction earnings and earning capacity and/or household services from the date of the trial of this case until Plaintiff's death and work life span including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this occurrence.

D. Medical expenses of Plaintiff related to or caused by the occurrence from the date of injury to the date of the trial of this case.

E. Medical expenses that Plaintiff will incur after the trial of this case until Plaintiff's death related to or caused by the occurrence.

F. Pain and suffering that Plaintiff has endured from the date of the injury to the date of the trial of this case.

G. Pain and suffering that Plaintiff will endure from the date of the injury to the date of Plaintiff's death.

H. Embarrassment and humiliation that Plaintiff has endured from the date of the injury to the date of the trial of this case.

I. Embarrassment and humiliation that Plaintiff will endure from the date of the trial of this case to the date of Plaintiff's death.

J. Loss of ability to enjoy the pleasures of life that Plaintiff has endured from the date of the injury to the date of the trial of this case.

K. Loss of ability to enjoy the pleasures of life that Plaintiff will endure from the date of the trial of this case to the date of Plaintiff's death.

L. Attorney Fees.

M. Incidental costs.

N. Property damage.

O. Loss of liberty.

P. Loss of Scholarship from Temple University.

32. Defendants' actions were wilful and outrageous in that their motives and conduct as set forth above were malicious, wanton, reckless, oppressive and so egregious as to shock contemporary conscience.

**COUNT I**

**VIOLATION OF 42 U.S.C. 1983**

**JERICHA MITCHELL v. DEFENDANTS**

Plaintiff alleges each and every allegation contained in paragraphs 1 – 32 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

33. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

34. Defendants' actions, were taken under colour of state law, are state actions under 42 U.S.C. 1983, and have deprived Plaintiff of her rights, privileges and/or immunities secured by the Constitution and laws of the United States including her right to be free from false arrest, false imprisonment and excessive force.

35. Defendants' actions have violated, and unless enjoined will continue to violate, Plaintiff's constitutionally protected rights of freedom of speech and association, substantive and procedural Due Process, and Equal Protection. The Defendants also violated her constitutional rights by using excessive force and arresting her without probable cause under the 4th and 14th amendments of the United States Constitution.

36. The Plaintiff has the right to be secure in her persons, houses, papers and effects, against unreasonable searches and seizures, and this right was violated, as no warrants were issued upon probable cause or supported by Oath or affirmation or particularly describing the place to be searched, and the persons or things to be seized, as protected under the 4th and 14th amendments of the United States Constitutions.

37. On information and belief, the aforesaid actions of Defendants were taken intentionally, wilfully and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiff. Defendants' actions as stated herein denied her equal protection of the law in violation of the United States Constitution, the 4th and 8th Amendments, the Due Process Clause, Equal Protection, and Substantive Due Process rights of the 14th Amendment, and 42 U.S.C. Section 1983.

38. Defendants' actions as stated herein denied Plaintiff's right to due process in violation of the United States Constitution, the 4th and 8th Amendments, the Due Process Clause of the 14th Amendment, and 42 U.S.C. Section 1983.

39. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff JERICHA MITCHELL demands judgment against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in

excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

**COUNT II -**
**MONELL CLAIM UNDER 42 U.S.C. 1983**
**JERICHA MITCHELL v. DEFENDANTS**

Plaintiff alleges each and every allegation contained in paragraphs 1 – 39 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

40. The Plaintiff believes and therefore avers that Defendant, Borough of Sharon Hill, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in denying equal protection of the law, condoning excessive force, false arrest, and subjecting its citizens to the same type of treatment to which Plaintiff was subjected. Said policy, custom and practice violate the Fourth and Fourteenth Amendments of the Constitution of the United States as well as federal statutory law and Pennsylvania law.

41. The Plaintiff believes and therefore avers that the Defendant, Borough of Sharon Hill, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' right to equal protection and to be free from being falsely arrested with excessive force, which policy and/or custom and/or practice violates the Fourth and Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

42. The Defendant, Borough of Sharon Hill, has been deliberately indifferent to the rights of Borough citizens to be given equal protection of the law and not be subject to excessive force, which deliberate indifference violates the Plaintiff's rights under the Fourth and Fourteenth

Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

43. The Plaintiff believes and therefore avers, that at all material times, Defendant, Borough of Sharon Hill, knew or should have known of the above described policy, custom and practice of the Sharon Hill Police Department, and that its Police Officers engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

44. By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant, Borough of Sharon Hill, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

45. Plaintiff further claims that her injuries were directly caused by the deliberate indifference of Defendant in failing to provide adequate training to borough police officers in the use of force, including the training on proper use of how to appropriately use tasers.

46. Plaintiff further claims that her injuries were directly caused by the deliberate indifference of Defendant in failing to provide adequate training to borough police officers in the use of force, including the training on proper use of when appropriate to use tasers.

47. The conduct of the Borough of Sharon Hill and/or the conduct of defendants' employees or agents, including the Police Commissioner, and/or policy maker for the Borough of Sharon

Hill, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff. (See above).

**WHEREFORE**, Plaintiff JERICHA MITCHELL demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT III - EXCESSIVE FORCE
## 42 U.S.C. 1983
## JERICHA MITCHELL v. DEFENDANTS

Plaintiff alleges each and every allegation contained in paragraphs 1 – 47 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

48. Plaintiff believes and therefore avers that the force used upon her was unnecessary and more force than was reasonable and necessary under the circumstances.

49. Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of her constitutional and statutory rights.

50. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff JERICHA MITCHELL demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

**COUNT IV – ARREST WITHOUT PROBABLE CAUSE**
**42 U.S.C. 1983**
**JERICHA MITCHELL v. DEFENDANTS**

Plaintiff alleges each and every allegation contained in paragraphs 1 – 50 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

51. Plaintiff believes and therefore avers that she was arrested without probable cause.

52. Plaintiff believes and therefore avers that Defendants', acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of her constitutional and statutory rights.

53. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff JERICHA MITCHELL demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate her for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

**COUNT V - ASSAULT and BATTERY**

**JERICHA MITCHELL v. DEFENDANTS**

Plaintiff alleges each and every allegation contained in paragraphs 1 – 53 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

54. The above-described actions of Defendants Herron and Buckland constitute a battery because their intentional physical contact of touching the Plaintiff was harmful and/or offensive gave the Plaintiff reason to fear or expect immediate bodily harm, and, in fact, caused bodily harm.

55. Plaintiff believes and therefore avers that Defendants Herron and Buckland, acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the Plaintiff, as more particularly described hereinabove.

56. Plaintiff specifically complains of the conduct of Defendants Herron and Buckland in menacing, threatening, harassing and physically abusing him, all of which placed him in imminent fear of bodily harm.

57. The above-described actions of Defendants Herron and Buckland placed the Plaintiff in the reasonable fear of imminent bodily harm and resulted in the Plaintiff being unlawfully and improperly assaulted against his will.

58. Defendants Herron and Buckland malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

59. The above-described actions of Defendants Herron and Buckland were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff JERICHA MITCHELL demands compensatory and punitive damages against Defendants Herron and Buckland for the common law tort of assault and battery, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages.

## COUNT VI - FALSE ARREST
## JERICHA MITCHELL v. DEFENDANTS

Plaintiff alleges each and every allegation contained in paragraphs 1 – 59 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

60. Plaintiff believes and therefore avers that Defendants Herron and Buckland through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally falsely arrest Plaintiff.

61. The above-described malicious, intentional acts of Defendants Herron and Buckland were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

62. The malicious, intentional and/or reckless actions of Defendants Herron and Buckland were a factual cause of and/or caused the Plaintiff's injuries and harm that are described above. (See above).

63. The above-described actions of Defendants Herron and Buckland were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff JERICHA MITCHELL demands compensatory and punitive damages against Defendants Herron and Buckland for the common law tort of false arrest, for such sums as would reasonably and properly compensate his for injuries in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT VII - CIVIL CONSPIRACY

## JERICHA MITCHELL v. DEFENDANTS

Plaintiff alleges each and every allegation contained in paragraphs 1 – 63 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

64. Plaintiff believes and therefore avers that Defendants Herron and Buckland, through their actions, as more fully set forth in the preceding paragraphs of this Complaint, did intentionally conspire, while acting within the course and scope of their authority, to unlawfully assault, arrest, and imprison Plaintiff, which ultimately caused Plaintiff substantial damages and harm.

65. Defendants Herron and Buckland civil conspiracy for their malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff JERICHA MITCHELL demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT VIII - FALSE IMPRISONMENT
## JERICHA MITCHELL v. DEFENDANTS

Plaintiff alleges each and every allegation contained in paragraphs 1 – 66 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

Plaintiff believes and therefore avers that Defendants Herron and Buckland through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally falsely imprison Plaintiff.

66. The above-described malicious, intentional acts of Defendants Herron and Buckland were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

67. The malicious, intentional and/or reckless actions of Defendants Herron and Buckland were a factual cause of and/or caused the Plaintiff's injuries and harm that are described above. (See above).

68. The above-described actions of Defendants Herron and Buckland were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff JERICHA MITCHELL demands compensatory and punitive damages against Defendants Herron and Buckland for the common law tort of false imprisonment, for such sums as would reasonably and properly compensate his for injuries in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

Respectfully submitted,

BY: ______________________

**LEVIN & ZEIGER, LLP**
**BY: BRIAN J. ZEIGER**
**IDENTIFICATION NO.: 87063**
**123 S. BROAD STREET, SUITE 1200**
**PHILADELPHIA, PENNSYLVANIA 19109**
**215.825.5183**
**zeiger@levinzeiger.com**

**Verification**

I, Brian J. Zeiger, Esquire, hereby state that I am the attorney for the Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements s are made under penalty of perjury under the laws of the United States of America that foregoing is true and correct.

November 5, 2009
DATE

BRIAN J. ZEIGER